# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | § | |
|---|---|---|
| JOSHUA VALDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-238 |
| | § | |
| INTERNATIONAL BOAT RENTALS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This case arises out of injuries allegedly sustained by Joshua Valdez ("Plaintiff") while employed by International Boat Rentals, Inc. ("Defendant"). Now before the Court comes Defendant's Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.

I. Background

Plaintiff was employed aboard the M/V ENFORCER at the time of the alleged incident, and was injured aboard the vessel while it was in dry dock in Leeville, Louisiana. Defendant now moves to transfer this case to the Eastern District of Louisiana.

II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d

1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.  Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important" factor in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant outlines the testimony of several key witnesses, all but one of whom reside in Louisiana. Plaintiff points out that two of these witnesses are Defendant's employees. Defendant

can compel the attendance at trial of its own employees, so the availability and convenience of these potential witnesses is given less weight. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003).

Plaintiff adds Dr. Cupic and Dr. McCoin, both located in this District, to the list of likely witnesses. Since Dr. Cupic is currently treating Plaintiff, his testimony will likely be the most important in the case. There are certainly more witnesses located in Louisiana than in Texas. However, since Defendant can compel the testimony of its employee witnesses and the most important witnesses are located in the District, this factor weighs neither in favor nor against transfer.

B. Location of Books and Records

The location of books and records is generally of little importance in this type of case. This factor weighs neither for nor against transfer.

C. Plaintiff's Choice of Forum

Defendant acknowledges that the Plaintiff's choice of forum is generally entitled to great deference, but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff does in fact live in Louisiana, but his choice is still entitled to some deference, so this factor weighs slightly against transfer.

D. Place of the Alleged Wrong

At the time of Plaintiff's injury, the vessel was dry-docked in Louisiana. This factor weighs in favor of transfer.

E. Potential for Delay

While any transfer causes some delay, Plaintiff must show that transfer at this stage would cause a significant and unusual delay. *See, e.g. In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("[I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). It goes without saying that the Eastern District of Louisiana has suffered and is suffering ravaging effects in the aftermath of Hurricane Katrina. Though the consideration of this far-reaching and staggering tragedy may not fit neatly into one of the previously established factors for consideration of transfer motions, it cannot be ignored. Though some offices in the Eastern District of Louisiana may technically be open for business, the entire District has been heavily affected by the events in New Orleans. There are barely enough resources available to handle the cases that are already in those courts, much less ones subsequently transferred. The delay that would be occasioned by a transfer of this case coupled with the hardship transfer would impose on a sister court weighs heavily against transfer, and in fact outweighs all other factors in the analysis of this case.

IV. Conclusion

Transferring this case to the Eastern District of Louisiana would be to utterly disregard the most catastrophic natural disaster this nation has seen in the past century. For that reason and those outlined above, Defendant's Motion to Transfer is **DENIED**.

Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 6th day of October, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge